Per Curiam.

We think that the agreement between the official receiver of Chosen Corporation, Ltd., and Mountbreak Corporation and Rubinstein, providing that Mountbreak should pay such fees and expenses “ of the American proceedings ” reasonably payable to the attorneys for the plaintiffs in this *324 action, as may be assessed by “ the American Court,” and specifying that this action in the Supreme Court of New York is u the American proceedings ” and the said court- “ the American Court,” and providing that the American proceedings are to be deemed settled, discontinued or stayed save for the assessment of the fees and expenses of said attorneys,, clearly meant that those fees and expenses should be determined by the court in this action. While apart from such stipulation the court would not have such jurisdiction in an action neither prosecuted nor settled before it, there is no reason why such jurisdiction may not be conferred by stipulation. It is not like a stipulation attempting to confer a jurisdiction beyond the cognizance of the court. Admittedly the Supreme Court would have jurisdiction to determine defendants’ liability for fees under the agreement in a plenary action, and it is permissible, therefore, for the court to exercise its admitted jurisdiction of the subject matter in this action upon stipulation of the parties. The only consequence of the difference, as defendants point it out, is that defendants may not have the jury trial and take the depositions in-this proceeding which they would be entitled to in a plenary suit. The defendants could and in our view did waive any right to a jury trial by their stipulation, and we see no. reason why the taking of depositions should not be allowed in this proceeding on the usual application and considerations.
The position of defendants that counsel fees of the nature asserted here are to be measured by the benefits conferred by counsels ’ services is, of course, sound and all contentions of defendants on that point are open before the referee and court. The order is not to be construed as requiring an assessment of counsel fees or expenses in any amount, but only as accepting jurisdiction and establishing the procedure for determining the amount, if any, which should be paid to plaintiffs’ attorneys on the basis of the accepted legal standards which apply to such applications.
The order should be affirmed, with $20 costs and disbursements.